United States District Court
For the Northern District of California

*E-Filed 10/13/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALFONSO MIRA, et al.,

          Plaintiffs,

  v.

GMAC MORTGAGE, et al.,

          Defendants.
_____/

No. C 10-3394 RS

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND**

## I. INTRODUCTION

Defendant GMAC Mortgage Corporation ("GMAC") moves to dismiss Alfonso and Carla Mira's Complaint in its entirety. The Miras brought suit in Contra Costa County Superior Court in March of 2010, alleging six claims for relief grounded on California statutory and common law. This case involves the foreclosure of a home. The Miras have brought suit against GMAC, the former servicer of their home loan, and the entity that purchased their property at foreclosure sale. Specifically, the Miras allege breach of contract, fraud, negligence, intentional tort, and violation of a California Foreclosure Prevention Act. They seek damages as well as declaratory and injunctive relief. GMAC asserts that the Miras failed to serve their Complaint and, despite the lawsuit, the Mira's home was sold at a foreclosure sale in May of 2010. GMAC explains it discovered the lawsuit on July 15, 2010, when it learned that a lis pendens had been filed by the Miras. GMAC

then removed the matter, asserting that the parties are diverse and that the amount in controversy exceeds $75,000.  GMAC then filed the instant motion to dismiss, to strike the Miras' request for punitive damages and attorney fees, and to expunge.  The Miras have not filed papers in opposition and, according to GMAC, have not participated in the lawsuit since filing the Complaint.  The Miras failed to appear at the hearing held on October 7, 2010.  Because the Complaint fails to allege any cognizable claim, it must be dismissed in its entirety, with leave to amend.  Because it is still possible that an amended complaint may raise a viable, real property claim, defendant's motion to expunge lis pendens is denied without prejudice.

## II.  FACTUAL BACKGROUND

The factual background supplied in the Mira's Complaint is problematically lean.  What is at least clear is that the property in dispute is located at 1726 Teakwood Drive in Martinez, California.  From the attached Deed of Trust, it appears the Mira's entered into their loan obligation sometime near February 17, 2006.  That document also indicates that GreenPoint Mortgage Funding acted as the lender, Marin Conveyancing Corporation acted as the trustee, and Mortgage Electronic Registration System ("MERS") acted as the named beneficiary.  Although the Complaint does not clarify what role, exactly, defendant GMAC played, GMAC asserts in its opposition papers that it acted as the "servicer" of the Mira's loan.  As GMAC explains its role, a servicer is an entity retained by a lending party to communicate with borrowers, receive monthly payments, and foreclose on mortgage loans in default.  While the Miras do not detail any facts relating to their foreclosure process, GMAC explains that they at some point defaulted on their loan payments.  An entity known as "ETS" recorded a Notice of Default and Substitution of Trustee on January 28, 2010. ETS recorded a Notice of Trustee Sale on April 30, 2010.  GMAC then purchased the Teakwood Drive property on May 28, 2010 at auction for $292,000.  They recorded a Trustee's Deed Upon Sale on June 4, 2010.

## III.  LEGAL STANDARD

A.   Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

court accepts a plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal is appropriate where a complaint lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). In the context of a Rule 12(b)(6) motion, a district court generally may not consider material beyond the pleadings. *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir. 1984). The exception is material which is properly submitted as part of the complaint. *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429-30 (9th Cir. 1978).

To state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has instructed that this mandate does not require "detailed factual allegations," but "demands more than an unadorned, the-defendant-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The tenet that allegations are construed in a light favorable to the plaintiff does not apply, however, to bare legal conclusions. *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Even where the plaintiff alleges something more than a bare legal conclusion, *Twombly* requires a statement of a plausible claim for relief. *Id.* at 544. Weighing a claim's plausibility is ordinarily a task well-suited to the district court but, where the well-pleaded facts do not permit the court to infer more than a mere *possibility* of misconduct, the complaint has not shown the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1950.

B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct.

*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003).  By contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Pro. 9(b).  Moreover, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (*quoting Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

## IV.   DISCUSSION

A.   <u>Breach of Contract</u>

GMAC denies any contract—implied or otherwise—existed between it and the Miras and moves to dismiss the Mira's breach claim on that basis.  In their Complaint, the Miras allege GMAC[1] acted under an implied agreement.  Under the terms of this supposed implied agreement, GMAC was obligated to make "reasonable efforts to maximize the present value of the Mira's loan" by modifying the terms of the Mira's loan agreement.[2]  The Miras also claim GMAC had an obligation to provide "information" to "fully document the loan and increase said loan credit or default rating," to disseminate that information "to the proper personnel," and to act honestly, truthfully, and in a timely manner.  The Miras claim GMAC breached this agreement when it failed to provide them with information regarding the "status" of their trust deed, improperly handled and calculated "income for purposes of modifying the loan," and in some meaningful way delayed the loan modification process.  The Miras provide no further detail.

GMAC denies that it had a contractual relationship of any kind with the Miras.  As the loan servicer, it insists its services were engaged for the benefit of the lender.  *See, e.g.*, *Lomboy v. SCME*

---

[1] Technically, the Miras claim one "American Home Mortgage Servicing, Inc." entity breached the contract; presumably, this is a typo.
[2] While the Miras suggest GMAC was contractually obligated to modify the terms of their loan agreement, they actually insist elsewhere that GMAC *lacked* the authority to do so.

NO. C 10-3394 RS
ORDER

4

*Mortg. Bankers*, No. 09-1160, 2009 WL 1457738, at *5 (N.D. Cal. May 26, 2009) (dismissing breach of contract claim against loan servicer on the grounds that no contractual relationship exists between a borrower and a loan servicer). Even if, generally speaking, a borrower and loan servicer are not bound to one another by contract, it is of course possible that the parties may by their conduct enter into a contractual relationship. Here, though, the Miras have supplied virtually no facts to support their theory that an implied contract existed. Even assuming one did, they have also not advanced meaningful facts to demonstrate *what* conduct constituted breach. As the Miras have not adequately pleaded a plausible breach of contract claim, their first claim for relief must be dismissed with leave to amend.

### B. Fraud & Intentional Tort

The Mira's fraud claim (their fourth claim for relief) alleges only that GMAC "made a representation" as to its authority to modify the terms of the Mira's loans. The Miras also contend GMAC "concealed" from the Miras the fact that it lacked the authority to do so. Aside from this blanket assertion, the Miras provide no facts to support their fraud claim. Essentially, the Miras assert that "defendant made a promise about a material matter without any intention of performing it," but fail to detail or in any way explain what this promise was or when it was made. Assuredly, the tone of the Complaint suggests the promise was one to modify the loan, but the Miras have only vaguely hinted at such a promise. The fraud claim does not even approach the particularized pleading required by Rule 9(b) and must be dismissed, with leave to amend.

In their fifth claim for relief for "intentional tort", the Miras insist GMAC "falsely told the homeowner that a mortgage modification was available to them," but "the defendant did not have authority nor the capability to modify the loan." Earlier, the Miras seemed to state the opposite, when they insisted GMAC breached its implied contract when it willfully failed to modify, despite its ability to do so. While the Miras title this claim for relief an "intentional tort," it is essentially a rehash of their fraud argument. Because plaintiffs add no further details here, this claim must also be dismissed for failure to meet the heightened pleading requirements of Rule 9(b).

### C. Negligence & Violation of California's Foreclosure Prevention Act

GMAC also moves to dismiss the Mira's negligence claim as well as their assertion that GMAC violated California's Foreclosure Prevention Act.  The Miras frame these as separate claims for relief; because they suggest the latter piece of legislation establishes the operative duty of care in the former, however, it makes sense to analyze them together.  The plaintiffs assert that GMAC had a duty to "act in good faith and fair dealing, to maintain information, and calculate a modified payment."  In contradiction to their assertion elsewhere that GMAC *lacked* the authority to modify their loan's terms, they assert here that GMAC's failure to do so breached a standard of care established in California's Foreclosure Prevention Act.

The Miras appear to focus on the provisions of the Act codified in California Civil Code sections 2923.52-53.  For a certain class of loans, the Act provides an additional ninety-day period between when a foreclosing party records a notice of default and when that party may foreclose on the property.  The purpose of the period is to expand the time in which borrowers may attempt to modify their loan agreements.  Section 2923.53, in turn, exempts certain loan servicers who have opted to engage in loan modification programs from the requirements of section 2923.52.  It then establishes certain criteria that exempt modification programs must meet.  Neither section, however, appears to *require* a lender or loan servicer to modify a loan.  Certainly, servicers must comply with California's comprehensive statutory foreclosure framework, including all provisions that encourage the parties to engage in modification discussions.  Nowhere in the statute, though, is there any indication that a loan servicer *must* modify a loan agreement.  Plaintiffs do not direct the Court to any case authority to support their reading of the statutory scheme.  Accordingly, insofar as the Mira's negligence and statutory claims rely on an argument that GMAC breached its duty to modify the terms of their loan agreement, these claims must be dismissed.  *See Mabry v. Aurora Loan Servs.*, 85 Cal. App. 4th 208, 231 (2010) (interpreting sister statute, section 2923.5, and declaring that "there is no *right*, for example, under the statute, to a loan modification") (emphasis in original).

D.  Declaratory & Injunctive Relief

Finally, GMAC moves to dismiss the Mira's sixth and final claim for "declaratory and injunctive" relief. According to the Complaint, a live controversy exists "concerning the respective rights of the parties with respect to the validity and enforceability of the foreclosure." Specifically, the Miras insist the sale was improperly noticed, in violation of California Civil Code section 2923.5. As neither injunctive nor declaratory relief are independent "claims," as it were, this Order construes plaintiffs' sixth claim for relief as an argument that GMAC violated section 2923.5. That provision governs the filing of a notice of default. As an initial matter, the Miras do not explain how, exactly, GMAC violated the section. More importantly, though, California courts have recently clarified that the remedy for a violation is postponement of foreclosure sale until the notification defect is fixed. *See Mabry*, 85 Cal. App. 4th at 223 ("The available, existing remedy is found in the ability of a court in section 2924g, subdivision (c)(1)(A), to postpone the sale until there has been compliance with section 2923.5."). The remedy disappears, however, after a foreclosure sale takes place. As the court in *Mabry* persuasively concluded after thoroughly examining the statutory framework, "[t]here is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale. We would merely note that under the plain language of section 2923.5, read in conjunction with section 2924g, the only remedy provided is a postponement of the sale before it happens." *Id.* at 235. Accordingly, even if the Miras had adequately pleaded a violation of section 2923.5, a violation would not entitle them to either injunctive or declaratory relief. This claim must therefore be dismissed without leave to amend.

E.  <u>Motion to Strike</u>

GMAC moves to strike, in the event any claims survived its motion to dismiss, the Miras' request for punitive damages and attorney fees. In light of the analysis employed above dismissing all claims, the motion to strike is moot.

F.  <u>Motion to Expunge Lis Pendens</u>

Finally, GMAC asks that the Court expunge the Miras' lis pendens. Under California law, a court "shall" expunge a lis pendens if it finds either that "the pleading on which the notice is based

does not contain a real property claim," Cal. Civ. Proc. § 405.31, or that "the claimant has not established by a preponderance of the evidence the *probable validity* of the real property claim," Cal. Civ. Proc. § 405.32 (emphasis added). "Unlike most other motions, . . . the burden is on the party opposing the motion [to expunge] to show the existence of a real property claim." *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 647 (2004) (*citing* Cal. Civ. Proc. Code § 405.30). "Probable validity" means that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 824 (9th Cir. 1995).

A real property claim is a cause of action "which would, if meritorious, affect . . . title to, or the right to possession of, specific real property. . . ." Cal. Civ. Proc. Code § 405.4. Because the property has already been sold, the Miras would need to advance claims that would support setting aside that sale in order to meet their burden. *See, e.g.*, *Holmes v. Deutsche Bank Nat'l Trust Co.*, No. 09-1413, 2010 WL 3749430, at *4 (S.D. Cal. Sept. 23, 2010). Because plaintiffs may amend their Complaint, defendant's motion to expunge should at this juncture be denied without prejudice as premature.

## V.  CONCLUSION

The Miras have not advanced any cognizable claims and their Complaint is dismissed in its entirety. With the exception of their sixth claim for relief, the Miras may amend their Complaint if they can do so in good faith. They must file any amended Complaint within thirty days of the filing of this Order. Failure to file an amended complaint within the allotted time period will result in (1) dismissal on the merits as reflected in this order; (2) dismissal on added grounds of failure to prosecute; and (3) the grant of defendant's motion to expunge lis pendens.

IT IS SO ORDERED.

Dated: 10/13/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-3394 RS
ORDER

8